**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LEILA MCCOY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-cv-00589-NCC |
| | ) | |
| NICHOLS PROPERTY MANAGEMENT LLC, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

On April 26, 2025, self-represented plaintiff Leila McCoy filed a Complaint, a supplemental "Claims for Relief" document, and a Motion for Leave to Proceed *in Forma Pauperis*.  Docs. [1], [1-1], [2].  On April 28, 2025, the Clerk of Court mailed McCoy a letter confirming the receipt and assignment of her case.  Doc. [3] at 2.

On June 12, 2025, the United States Postal Service returned the letter in an envelope marked "return to sender" and "unable to forward."  Doc. [3] at 1.  McCoy has not filed any documents or otherwise communicated with the Court in the nine months since.

Federal district courts possess the "inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases."  *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016).  This includes the power to dismiss an action *sua sponte* for lack of prosecution.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962).

Further, under this Court's Local Rules, "[e]very self-represented party shall promptly notify the Clerk and all other parties to the proceedings of any change in his or her address and telephone number."  E.D. Mo. L.R. 2.06(B).  If mail is returned to the Court without a forwarding

address and the plaintiff fails to notify the Court of a change of address within thirty days, "the Court may, without further notice, dismiss the action without prejudice." *Id.*

The Court notes that this is not the first time McCoy has failed to comply with the address-notification requirements of this District. On October 11, 2023, the Court dismissed one of McCoy's prior lawsuits for the same failure to maintain a current address. *See McCoy v. State of Missouri*, 4:23-cv-0652-NCC (E.D. Mo. Oct. 11, 2023). Additionally, McCoy previously failed to comply with the Court's orders in another action, resulting in dismissal under Federal Rule of Civil Procedure 41(b). *See McCoy v. Mo. Rehabilitation Services for the Blind*, 4:23-cv-0712-SEP (E.D. Mo. July 6, 2023).

In light of McCoy's failure to comply with E.D. Mo. L.R. 2.06(B) and her history of non-compliance with the Rules of this Court, the Court will dismiss this action without prejudice via an Order of Dismissal that will be entered herewith.

Dated this 19th day of March 2026.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

2